**In re EXPRESS ONE INTERNATIONAL, INC., Debtor and Debtor–In–Possession.**

**Bankruptcy No. 95–41189.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Jan. 12, 1998.

See also 1998 WL 100519.

Marci L. Romick, Godwin & Carlton, P.C., Dallas, TX, for Debtor.

Keith Ray, Majorie & Levine, Dallas, TX, for Astraea Aviation Services, Inc. d/b/a Dalfort Aviation.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

NOW before the Court for consideration is a Motion for Order Allowing Rule 2004 Examination of Express One and for Production of Documents filed by Astraea Aviation Services, Inc. d/b/a Dalfort Aviation ("Dalfort"). At the conclusion of the hearing, the maker was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 1995, Express One international, Inc. ("Express One" or "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

Dalfort filed an Application for Allowance and Payment of Administrative Claim ("Administrative Claim") seeking payment from Debtor's estate for post-petition maintenance work performed on two of Debtor's aircraft: aircraft '930 and aircraft '275.

Express One filed a Counterclaim seeking damages for breach of contract and forfeiture of principal as well as statutory penalties fees for charging usurious interest.

This Court held an evidentiary hearing on Dalfort's Administrative Claim and Debtor's Counterclaims after which the maker was taken under advisement and the parties were given the opportunity to file post-hearing briefs.

Meanwhile, the Debtor's and the Official Unsecured Creditors' Committee's Plan of Reorganization for Express One, Inc. (the "Plan") was confirmed by order of this Court. Upon information and belief payments are being made to creditors under that Plan.

### DISCUSSION

The issue before the Court is whether an Order directing Express One to produce a representative with knowledge of the financial affairs of Express One to attend an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is allowable post-confirmation under the facts of this case.

█ "The purpose of a Rule 2004 examination is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr.E.D.N.Y.1991). Although the scope of a Rule 2004 examination is very broad, there are important limits to the scope of the examination. *Id.* The 2004 examination may only be used for the legitimate purpose of obtaining information relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's estate, or to debtor's right to a discharge." Fed.R.Bankr. Proc. 2004.

█ The language of Rule 2004(b) allows, in a narrow context, the use of a Rule 2004 examination post-confirmation. However, the examination must be limited to issues

that the court still has the power to entertain. "That is, it is restricted to the administration of the case post-confirmation." *In re Cinderella Clothing Industries, Inc.,* 93 B.R. 373 (Bankr.E.D.Pa.1988).

"[T]he one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Eagle–Picher Industries, Inc.,* 169 B.R. 130, 134 (Bankr.S.D.Ohio 1994). Generally, good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice. *In re Dinubilo,* 177 B.R. 932, 940 (E.D.Cal.1993). Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied. *In re Eagle–Picher Industries,* 169 B.R. at 134.

Dalfort contends that the purpose of conducting a 2004 examination of the Debtor at this time is because it is concerned about the Debtor's ability to pay any administrative claim approved by this Court. Dalfort's concern is due to the length of time their Administrative Claim has been in dispute and because of motions filed by other parties in Express One's bankruptcy case. Dalfort claims it merely wants assurance that money is being set aside in case the Court ultimately rules it its favor regarding its request for an administrative claim.

Debtor argues that Dalfort has failed to advance good cause for its requested Rule 2004 examination of a representative of Express One post-confirmation. The only cause Debtor claims that was presented by Dalfort was merely that it has "become concerned" about the Debtor's ability to pay their Administrative Claim if approved by this Court. In addition, Debtor contends that Dalfort has not supplied the Court with any basis for its alleged concern as to the financial condition of the reorganized Express One other than the fact that its Administrative Claim is substantial and has not been ruled upon yet. Furthermore, Express One states in their

response to the Motion, that the Administrative Claim was pending at the time of the confirmation hearing and that Dalfort voiced no objection based on any alleged concern over the ability of Express One to pay all allowed administrative claims, or to the financial condition of what would become reorganized Express One.

The Court finds that in order to determine whether to allow a Rule 2004 examination post-confirmation of a representative of Express One, it is necessary to look at the surrounding circumstances of the parties and ascertain whether good cause was shown. First, the Administrative Claim sought by Dalfort and the related Counterclaim filed by Express One is under advisement and thus it is still under this Court's power. Second, resolving the Administrative Claim is necessary to complete the administration of the case. Third, given the length of time to resolve this dispute, a 2004 examination is a legitimate post-confirmation inquiry to determine whether Express One is acting in conformity with the purpose of the Plan.[1] Therefore, the Court believes good cause is present in this situation given that the Administrative Claim and the Counterclaim are still pending.

While a Rule 2004 examination of a representative of Express One is appropriate, the Court believes that in order to allow the examination some stringent limitations should be attached. Based on the evidence presented, the 2004 examination should be limited in scope to the single issue of whether Express One is setting money aside to pay the Administrative Claim of Dalfort if it ultimately prevails on its claim. Any attempt to obtain information beyond the specific limitation explained above, such as to the general financial affairs of Express One, shall be prohibited as being beyond the scope of examination.

### CONCLUSION

Accordingly, this Court finds that the Motion for Order Allowing Rule 2004 Examination of Express One and Production of Documents filed by Dalfort should be granted but limited in scope to the specific issue of

1. *See In re Cinderella Clothing Industries, Inc.,* 93 B.R. at 379.